# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN RODRIGUEZ,**

      **Plaintiff,**

**v.**                                                                 **Case No:   6:15-cv-23-Orl-37KRS**

**AMERICAN K-9 DETECTION SERVICES, LLC,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**     **DEFENDANT'S MOTION FOR SANCTIONS AND TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO APPEAR FOR DEPOSITION (Doc. No. 36)**
>
> **FILED:**     **February 18, 2016**

> **MOTION:**     **DEFENDANT'S SUPPLEMENTAL MOTION FOR SANCTIONS AND TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO APPEAR FOR DEPOSITION, HEARING AND MEDIATION (Doc. No. 44)**
>
> **FILED:**     **February 26, 2016**

**I.  BACKGROUND.**

Plaintiff, John Rodriguez, filed a complaint in this case through counsel alleging that Defendant American K-9 Detection Services, LLC discriminated against him in employment based

on his national origin and his perceived disability.  Doc. No. 1.  Defendant appeared through counsel and answered the complaint.  Doc. No. 8.  The Court entered a Case Management and Scheduling Order that established February 16, 2016, as the deadline for discovery and that required mediation to be completed by February 22, 2016, which mediation deadline was later extended to February 26, 2016.  Doc. No. 17, at 1-2; Doc. No. 23.

In a motion filed on February 1, 2016, Plaintiff's attorney asked the Court to extend the discovery deadline.  Doc. No. 24.  Counsel represented that "due to irreconcilable differences of professional opinion as [to] the prosecution of the suit[,] the undersigned cannot adequately represent the Plaintiff in this matter and intends to withdraw as counsel for the Plaintiff."  *Id.* at 1-2.  On the same day, counsel filed a motion to withdraw.  Doc. No. 25.  I entered an order requiring Plaintiff to file a response to the motion to withdraw on or before February 12, 2016, if he objected to the relief requested.  Doc. No. 26.  Plaintiff did not file a response to the motion.  On February 12 and 16, 2016, counsel for Plaintiff filed supplements to his motion to withdraw in which he stated that Plaintiff refused to respond to counsel's telephone calls and that Plaintiff failed to appear for his noticed deposition.  Doc. No. 31, at 1-2; Doc. No. 32, at 1-2; Doc. No. 44-1; Doc. No. 44-2.  I denied the motion to extend deadlines, and I granted the motion to withdraw.  Doc. Nos. 33, 34.

Meanwhile, Defendant filed a motion to compel responses to interrogatories and requests for production of documents.  Doc. No. 28.  I entered an order setting a hearing on the motion, and I required Plaintiff to personally appear before the Court at the hearing.  Doc. No. 35.  In that order, I cautioned Plaintiff that his failure to attend the hearing might result in imposition of sanctions, up to and including dismissal of this case.  *Id.* at 1.  The docket reflects that the Clerk of Court

delivered this order setting the hearing to Plaintiff by U.S. mail and by email. Counsel for Defendant appeared at the hearing, but Plaintiff did not appear. Doc. No. 39.

After the hearing, at my direction, counsel for Defendant emailed to Plaintiff a copy of the notice of mediation to be held on February 26, 2016. Doc. No. 44-3. Counsel for Defendant and a corporate representative of Defendant appeared at the mediation, but Plaintiff did not appear. Doc. No. 43.

Defendant now asks the Court to impose sanctions for Plaintiff's violation of Court orders, including dismissing the case with prejudice and awarding Defendant the reasonable expenses, including attorneys' fees, it incurred in preparing for and attending the deposition, preparing for and attending the Court's hearing, the court reporter fee for the deposition and the mediator's fee, and attorney's fees incurred in filing the motions for sanctions. Counsel for Defendant certifies that the motions were delivered to Plaintiff by U.S. Mail and by email. Plaintiff has not responded to the motions and the time for doing so has passed.

## II.   ANALYSIS.

Federal Rules of Civil Procedure 37(d)(1)(a)(i) and (d)(3) provide that if a party, after being served with proper notice, fails to appear for his deposition, the Court may sanction the offending party as provided for in Rule 37(b)(2)(A)(i)-(vi). The Court must also require the party that failed to appear to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust. Similarly, Federal Rule of Civil Procedure 16(f)(1)(C) provides that the Court may sanction a party who fails to obey a scheduling or other pretrial order, as provided for in Rule 37(b)(2)(A)(ii)-(vii). Instead of or in addition to those sanctions, the Court must order the party to pay the reasonable expenses, including attorney's fees, incurred because of any noncompliance unless the

noncompliance was substantially justified or other circumstances make an award of expenses unjust. *Id.* R. 37(d)(3); *see also id.* R. 16(f)(2). Finally, Federal Rule of Civil Procedure 41(b) permits the Defendant to move to dismiss the case if the Plaintiff fails to comply with the rules or a Court order, which dismissal operates as an adjudication on the merits unless the dismissal order states otherwise.

Because Plaintiff did not respond to the motions for sanctions, he has not established that his failure to appear at the deposition, Court hearing and mediation was substantially justified or that other circumstances make an award of sanctions, including an order requiring payment of reasonable expenses, unjust. Therefore, an award of sanctions is appropriate.

The Court must find that Plaintiff willfully violated the Court's orders rather than simply misunderstanding the Court's orders before a sanction of dismissal is warranted. *See, e.g., Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). The record reflects that former counsel for Plaintiff left Plaintiff telephone messages about the Court's orders requiring production of discovery and about Plaintiff's need to appear for his deposition. Counsel for Defendant emailed a copy of the mediation notice to Plaintiff, and there is no indication that that email message was not received. During the mediation, the mediator emailed Plaintiff about his nonappearance, but that email was returned as undeliverable, suggesting that Plaintiff had deliberately canceled his email account to avoid further electronic communications about this case. Furthermore, I twice cautioned Plaintiff that failure to comply with orders of the Court could result in sanctions, including dismissal of this case. Doc. No. 40, at 2; Doc. No. 42, at 2. Under these circumstances, the record supports a finding that Plaintiff has willfully failed to comply with orders of the Court.

Nevertheless, the Court must consider whether sanctions short of dismissal with prejudice, requested by the Defendant, would achieve the goals of the rules. *See, e.g., Marshall v. Segona*, 621 F.2d 763, 768 (5th Cir. 1980) (finding that the sanction of dismissal should be used sparingly and only in situations where its deterrent value cannot be substantially achieved by use of less drastic sanctions). Rule 37(b)(2)(A)(iv) permits this Court to stay this case until Plaintiff complies with an order of the Court. Under this provision, the Court could order Plaintiff to pay the reasonable expenses, including attorneys' fees, incurred as a result of his failure to appear at the Court hearing, his deposition and mediation, and such expenses incurred by Defendant in filing the motions for sanctions. The Court could stay the case for thirty days for Plaintiff to comply with that order, failing which the case would be dismissed and Plaintiff would still be required to pay the reasonable expenses incurred by Defendant. This alternative fulfills the Court's responsibility to consider lesser sanctions and provides Plaintiff one, last opportunity to proceed with the prosecution of this case. This lesser sanction is appropriate because any dismissal in this case likely would be effectively with prejudice because of the time within which claims under Title VII and the Florida Civil Rights Act must be filed.

Counsel for Defendant estimates that Defendant has incurred $1,280.00 in actual costs for travel of the corporate representative to attend mediation, the mediator's fee and the court reporter's fee, as well as more than 35 hours in attorneys' time and 15 hours of paralegal time.[1] Doc. No. 44, at 6. Accordingly, I recommend that the Court require Plaintiff to tender to counsel for Defendant,

---

[1] Legal work performed by a paralegal is reasonably compensated in central Florida at the rate of $75.00 per hour in the absence of evidence of the paralegal's skill and experience. Counsel of record for Defendant have between 8 and 22 years of experience, *see* FLORIDA BAR, www.floridabar.org (click "Find a Lawyer" (last visited Mar. 9, 2016), and would reasonably be compensated at $200.00 per hour or more in central Florida. *See, e.g. Kolczynski v. United Space Alliance, LLC*, No. 6:04-cv-716-Orl-18KRS, 2006 WL 2614919, at * 4(M.D. Fla. Dec. 11, 2006)(discussing reasonable hourly rates in 2005).

within thirty days from the date of its ruling on this Report and Recommendation, the sum of $2,000.00 which would reimburse Defendant, only in part, for the reasonable expenses, including attorney's fees, it has incurred as a result of Plaintiff's failure to abide by Court orders, appear at his deposition and appear at mediation.   If Plaintiff fails to pay that amount by the date established by the Court, and fails to show cause why he is unable to do so, then the Court would have a more than sufficient record to dismiss the case and award Defendant the actual reasonable expenses, including attorneys' fees, it has incurred.

### III.     RECOMMENDATIONS.

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1.     **GRANT in part and DENY in part without prejudice** Defendant's Motion For Sanctions And To Dismiss With Prejudice For Plaintiff's Failure To Appear For Deposition (Doc. No. 36) and Defendant's Supplemental Motion For Sanctions And To Dismiss With Prejudice For Plaintiff's Failure To Appear For Deposition, Hearing And Mediation (Doc. No. 44);

2.     **ORDER** Plaintiff, John Rodriguez, to tender to counsel for Defendants the sum of $2,000.00 on or before a date established by the Court or show cause in a writing filed with this Court by the date established by the Court why he is unable to do so;

3.     **STAY** all future deadlines in this case pending Plaintiff's compliance with the Court's order; and,

4.     **ORDER** counsel for Defendant to notify the Court in writing within five business days after the date set by the Court for Plaintiff's compliance with the Court order whether Plaintiff has paid the monetary sanction imposed by the Court.   The Court may permit Defendant to file a renewed motion for sanctions, within a time established by the Court, supported by evidence of the

actual expenses it incurred, the reasonable hourly rates of its attorneys and paralegal and the reasonable number of hours worked on the matters that are the subject of the motions for sanctions if Plaintiff does not comply with this Court's order.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 9th, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy