**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOHN RODRIGUEZ,

                Plaintiff,

v.                                          Case No. 6:15-cv-23-Orl-37KRS

AMERICAN K-9 DETECTION
SERVICES, LLC,

                Defendant.

_____

**ORDER**

This matter is before the Court on the following matters:

1.      Defendant's Motion for Sanctions and to Dismiss with Prejudice for Plaintiff's Failure to Appear for Deposition (Doc. 36), filed February 18, 2016);

2.      Defendant's Supplemental Motion for Sanctions and to Dismiss with Prejudice for Plaintiff's Failure to Appear for Deposition, Hearing[,] and Mediation (Doc. 44), filed February 26, 2016;

3.      Defendant's Second Supplemental Motion for Sanctions and to Dismiss with Prejudice for Failure to Appear for Deposition, Hearing, Mediation and Failure to Respond to this Court's Orders (Doc. 45), filed March 9, 2016;

4.      U.S. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 46), filed March 9, 2016; and

5.      Plaintiff's Objections (Doc. 47), filed March 18, 2016, and (Doc. 48), filed March 23, 2016.

## BACKGROUND

On **January 7, 2015**, attorney Peter J. Solnick ("**Solnick**") initiated this action on behalf of Plaintiff John Rodriguez ("**Plaintiff**") by filing a Complaint asserting federal and state employment discrimination claims against Defendant American K-9 Detection Services, LLC ("**Defendant**"). (Doc. 1.) After Defendant filed its Answer (Doc. 8), the Court entered a Case Management and Scheduling Order ("**CMSO**"), which set forth certain requirements and deadlines before the jury trial set for the September 2016 trial term. (*See* Doc. 17.) The deadlines included: **February 16, 2016** to complete discovery ("**Discovery Deadline**"), and **February 22, 2016** to mediate ("**Mediation Deadline**"). The CMSO makes clear that these deadlines "are not advisory but must be complied with absent approval of the Court," which will not be granted absent "a showing of good cause." (*See id.* at 1–2, 5.)

The docket reflects very little activity in this action until February 2016—just before the Discovery Deadline. On Monday, **February 1, 2016**, Solnick filed motions requesting: (1) an extension of the Discovery Deadline to **April 1, 2016** (Doc. 24 ("**Extension Motion**")); and (2) leave to withdraw from his representation of Plaintiff in this action (Doc. 25 ("**Withdrawal Motion**")). According to Solnick, continued representation of Plaintiff was not possible because of irreconcilable differences, and an extension of the discovery deadline was needed for Plaintiff to obtain new counsel. (*See* Docs. 24, 25.) Solnick advised that he gave Plaintiff written notice of his intent to file the Withdrawal Motion, and he advised Plaintiff to "immediately retain alternate counsel." (*See* Doc. 25, ¶¶ 3, 4). Solnick also represented that he provided the Withdrawal Motion to Plaintiff through "certified and electronic mail." (*See id.* ¶ 5.) Defendant opposed the

Extension Motion (Doc. 27), but it did not respond to the Withdrawal Motion.[1]

On Tuesday, **February 2, 2016**, U.S. Magistrate Judge Karla R. Spaulding entered an Order providing that: (1) the **February 16, 2016** discovery deadline would not likely be changed; (2) unless Plaintiff filed written objections with the Court by **February 12, 2016**, the Withdrawal Motion would likely be granted; and (3) if the Withdrawal Motion is granted, then Plaintiff "will be required to represent himself in this case unless and until substitute counsel enters an appearance" ("**Response Order**"). (*See* Doc. 26.) Plaintiff did not file objections to the Withdrawal Motion or respond to the Response Order.

On Thursday, **February 4, 2016**, Defendant filed a motion to compel responses to interrogatories and document requests that it had served on Plaintiff in **May 2015**. (*See* Doc. 28 ("**Motion to Compel**").) In accordance with Judge Spaulding's Order (*see* Doc. 29), Solnick responded to Defendant's Motion to Compel (*see* Doc. 30).

On Monday, **February 8, 2016**, Plaintiff cancelled his deposition, which had been set for Thursday, **February 11, 2016**. (*See* Doc. 36; *see also* Doc. 27, ¶ 4.) With only four business days remaining before the Discovery Deadline, the parties rescheduled Plaintiff's deposition for Monday, **February 15, 2016** ("**Deposition**")—which was a federal holiday. (*See id.* at 2; *see also* Doc. 36-1.) On Friday, **February 12, 2016**, Solnick filed a renewed withdrawal motion on the additional grounds that Plaintiff was ignoring Solnick's repeated efforts to communicate with him concerning the imminent Deposition and

---

[1] The Court's Local Rules provide that parties who oppose a motion or application filed with the Court "shall file within fourteen (14) days after service of the motion . . . a response that includes a memorandum of legal authority in opposition to the request." Local Rule 3.01(b). Federal Rule of Civil Procedure 6 provides the rules for computing this 14-day time period and others.

Discovery Deadline, document production, and Motion to Compel ("**Renewed Motion**").[2] (*See* Doc. 31, ¶¶ 3, 4.)

Without prior notice to Defendant or his own counsel, Plaintiff failed to appear for the Deposition.[3] (*See* Doc. 36-2; *see also* Doc. 32, pp. 1–2.) As a result, Defendant moved for sanctions, including dismissal of this action with prejudice and an award of Defendant's fees and costs related to the Deposition ("**First Sanctions Motion**"). (*See* Doc. 36.) Alternatively, Defendant requested that the Court require Plaintiff to: (1) "submit to his deposition" before the mediation on Friday, **February 26, 2016** ("**Mediation**");[4] and (2) appear and show cause for his failure to appear at the Deposition. (*Id.*)

In three Orders filed on **February 17, 2016** ("**February 17 Orders**"), Judge Spaulding: (1) granted Solnick leave to withdraw from his representation of Plaintiff (Doc. 34 ("**Withdrawal Order**")); (2) denied the Extension Motion with leave to reassert (Doc. 33 ("**Deadline Order**")); and (3) set a hearing for **February 25, 2016** ("**Hearing**") (Doc. 35 ("**Hearing Order**")). Judge Spaulding notified Plaintiff that he was now "responsible for representing himself," and he must:

> review the docket in the case, abide by all orders and deadlines set forth therein, and familiarize himself with and abide by the Federal Rules of Civil Procedure and Local Rules of this Court. [Plaintiff] may view the docket in this case at any United States District Courthouse in the Middle District of Florida. Alternatively, he may create an account at pacer.gov to view the docket from any personal computer.

---

[2] Plaintiff did not respond to the Renewed Motion, and the deadline to do so passed on **February 29, 2016**. *See supra* n.1.

[3] According to a supplement to the Withdrawal Motion, Solnick traveled to Orlando for the Deposition and then unsuccessfully attempted to contact Plaintiff by phone and e-mail during the first hour of the Deposition. (*See* Doc. 32.) When Plaintiff did not respond or appear, the Deposition was terminated. (*See id.*)

[4] Previously, the Court granted the parties' joint motion to extend the mediation deadline by four days—from February 22 to February 26, 2016. (*See* Docs. 22, 23.) The parties then scheduled the mediation for **February 26, 2016**. (*See* Doc. 27, ¶ 6.)

(*See* Doc. 34, p 2.) Judge Spaulding also directed Plaintiff's "attention to the Court's website, where he can find collected basic information and resources for parties who are proceeding without a [lawyer] in a civil case." (*See id.*) Finally, Judge Spaulding ordered Plaintiff to attend the Hearing "**in person**" and warned him that sanctions may be imposed—including "dismissal" of this action—if he did not attend. (*See* Doc. 35.)

Despite explicit directions and warnings from the Court, Plaintiff did not attend the Hearing (*see* Doc. 39), and Judge Spaulding entered two Orders ("**February 25 Orders**"), which: (1) granted Defendant's Motion to Compel and awarded attorney fees to Defendant; (2) directed Plaintiff to contact Defendant's counsel and respond to Defendant's discovery requests by **March 4, 2016** (*see* Doc. 40 ("**Discovery Order**")); and (3) directed Plaintiff to—by **March 7, 2016**—respond to the First Sanctions Motion and show cause why "this case should not be dismissed with prejudice" (*see* Doc. 41 ("**Show Cause Order**")). Again, the February 25 Orders provided explicit warnings to Plaintiff that sanctions may be imposed on him absent compliance with the Court's Orders. (*See* Doc. 41, p. 2; *see also* Doc. 42, p. 2.) Plaintiff did not respond to the Show Cause Order. (*See* Doc. 45, p. 6.)

On Friday, **February 26, 2016**, mediator James G. Brown ("**Mediator**") filed a mediation report with the Court (Doc. 43 ("**Report**")), and Defendant filed a supplemental motion for sanctions (Doc. 44 ("**Second Sanctions Motion**")). According to the Report: (1) Defendant and its counsel appeared for the Mediation; (2) Plaintiff was not present when the Mediation convened at 11:00 a.m.; (3) at 11:57 a.m., Mediator sent an e-mail to Plaintiff at 17rayo@hotmail.com ("**E-Mail Address**"), which was returned as "undeliverable"; and (4) when the Mediator terminated the Mediation at approximately

12:40 p.m., Plaintiff still had not appeared. (*See* Doc. 43.)

In its Second Sanctions Motion, Defendant argued that Plaintiff's continued litigation misconduct—particularly his failure to appear for the Mediation—provided additional grounds to dismiss this action with prejudice and award Defendant its costs and fees.[5] (*See* Doc. 44.) Finally, in a third motion for sanctions filed on Wednesday, **March 9, 2016**, Defendant argued that severe sanctions were clearly warranted because—after skipping the Hearing and the Mediation—Plaintiff had violated the Show Cause Order and the Discovery Order as well ("**Third Sanctions Motion**"). (*See* Doc. 45.)

The same day Defendant filed its Third Sanctions Motion, Judge Spaulding issued a Report and Recommendation ("**Recommendation**"), advising the Court to grant Defendant's requests for sanctions in part by: (1) ordering Plaintiff to tender $2,000.00 to Defendant's counsel ("**Monetary Sanction**"); (2) staying these proceedings for thirty days to allow Plaintiff to pay the Monetary Sanction; and (3) dismissing Plaintiff's claims if Plaintiff failed to pay the Monetary Sanction by the end of the stay. (*See* Doc. 46.)

Defendant filed no objections to the Recommendation, but Plaintiff filed duplicative copies of: (1) unauthenticated documents concerning medical services rendered to Plaintiff on **January 29, 2016**, **February 29, 2016**, and **March 8, 2016**; and (2) a typed and unsigned page of text that appears to have been authored by Plaintiff ("**Plaintiff's Filings**").[6] (*See* Docs. 47, 48.) Plaintiff filed these documents before the deadlines for filing a response to the Third Sanctions Motion and objections to the Report.

---

[5] Plaintiff did not respond to the Second Sanctions Motion, and the deadline to do so passed on **March 14, 2016**. *See supra* n.1.

[6] Defendant did not respond to the Plaintiff's Filings, and the deadlines to do so have passed. *See* Local Rule 6.02(a).

Thus, despite their obvious deficiencies, the Court will treat Plaintiff's Filings as timely objections to the Recommendation and a response to the Third Sanctions Motion.

## STANDARDS

### I.    Magistrate Judges

With limited exceptions, federal district court judges may designate a magistrate judge to "hear and determine any" non-dispositive "pretrial matter pending before the court." *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Absent reversal by the district court, a magistrate judge's determination of such matters constitutes "a final order." *See TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1259 n.5 (M.D. Fla. 2013). District judges may not reverse such orders absent a showing that the order is "clearly erroneous or contrary to law."[7] *See* 28 U.S.C. § 636(b)(1)(A); *see also Archambault v. United Computing Sys., Inc.*, 786 F.2d 1507, 1511 (11th Cir. 1986).

District court judges also may designate magistrate judges to hear dispositive matters; however, magistrate judges are not authorized to determine such matters by entry of an order. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b)(1). Rather, they must submit "proposed findings of fact and recommendations for the disposition" of such matters ("**R&R**"). *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). Upon review, district court judges may "accept, reject, or modify" an R&R; "receive further evidence; or return the matter to the magistrate judge with instructions." *See*

---

[7] Challenges to a magistrate judge's order on a non-dispositive pretrial matter may be presented by filing a motion or objections with the Court "within fourteen days after service" of the magistrate judge's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); Local Rule 6.02(a); *see also TemPay, Inc.*, 929 F. Supp. 2d at 1259 n.5. No party filed a motion or objections to Judge Spaulding's Response Order, February 17 Orders, or February 25 Orders.

28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *see also Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006) (noting that district court judges retain, "as a statutory and constitutional matter, broad discretion over" an R&R). The district court judge must review *de novo* all *legal* conclusions and "those portions" of the R&R to which specific objection is made. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent a specific objection—*factual* findings need not be reviewed *de novo. See Retina-X Studios, LLC v. ADVAA, LLC*, 303 F.R.D. 642, 646 (M.D. Fla. 2014) (citing *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993)); *see also* Fed. R. Civ. P. 72(b)(2).

## II.   Sanctions

District courts are vested with both inherent and explicit authority to sanction litigants—including *pro se* litigants—for their misconduct during litigation. *See Maus v. Ennis*, 513 F. App'x 872, 878 (11th Cir. 2013); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). For instance, district courts may impose sanctions under:

(1)   Rule 16(f)(1) for failing "to appear at a scheduling or other pretrial conference" or failing to obey a scheduling or other order;

(2)   Rule 37(d)(1)(A)(i) for not appearing at a noticed deposition; and

(3)   Rule 37(b)(2)(A) for disobeying an order to provide discovery.

Further, under Rule 41(b) an action may be dismissed if a party "fails to prosecute or to comply with the Rules or a court order." Fed. R. Civ. P. 41(b).

Courts have "broad discretion" to fashion an appropriate and just sanction based on the nature and circumstances of the litigation misconduct. *See Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993); *see also McDonald v. Emory Healthcare Eye Ctr.*, 391 F. App'x 851, 852–53 (11th Cir. 2010). Rule 37 sets out a range of available sanctions, including:

(1)    ordering that an adverse fact or matter is established against the sanctioned party, Rule 37(b)(2)(A)(i);

(2)    excluding evidence or prohibiting the sanctioned party from asserting a claim or defense, Rule 37(b)(2)(A)(ii);

(3)    "striking" a sanctioned party's pleading, Rule 37(b)(2)(A)(iii);

(4)    staying the proceedings until an order is obeyed, Rule 37(b)(2)(A)(iv); and

(5)    dismissing an action in whole or in part, Rule 37(b)(2)(A)(v).

*See also* Fed. R. Civ. P. 16(f)(2); Fed. R. Civ. P. 37(d)(3).

Generally, misconduct that results from negligence, misunderstanding, or the party's inability to comply with an order or rule warrants a less severe sanction. In contrast, the most severe sanction of dismissal with prejudice is appropriate only when the sanctioned conduct was willful and in bad faith, and "less drastic sanctions would not ensure compliance with the court's orders." *See Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012) (noting that the sanction of dismissal with prejudice requires a finding of "bad faith"); *Smith v. Buster*, 424 F. App'x 912, 914 (11th Cir. 2011) (finding a "clear record" of willful misconduct adequate to support dismissal of *pro se* action).

Finally, if the sanctioned conduct is in violation of a discovery order and is not "substantially justified," then—unless the "circumstances make an award of expenses unjust"—the district court *must* order the sanctioned party to "pay the reasonable expenses—including attorney's fees" that were caused by violation of the discovery order. *See* Fed. R. Civ. P. 37(b)(2)(C). The unjustness of an award of expenses may turn on the *pro se* party's financial situation and "ability to pay." *See Bullard v. Downs*, 161 F. App'x 886, 888 (11th Cir. 2006); *see also McDonald*, 391 F. App'x at 853.

**DISCUSSION**

Judge Spaulding's Recommendation provides: a thorough and fully-supported summary of Plaintiff's litigation misconduct, an accurate and complete statement of the applicable law, and recommended sanctions that are reasonable and just. (*See* Doc. 46.) Plaintiff's Filings in no way dissuade the Court from accepting and adopting Judge Spaulding's well-reasoned Recommendation. (*See* Doc. 48.)

According to Plaintiff's Filings: (1) Plaintiff is an unemployed husband and father who is receiving medical treatment for his "back and shoulder" and left eye, which were injured in an "accident on October 1, 2015"; (2) Plaintiff takes "strong medication" that causes dizziness and prevents him from driving an automobile; (3) Solnick withdrew from representing Plaintiff after being told that Plaintiff "was not going to have a accident [sic] driving to the court in Orlando"; (4) Solnick never told Plaintiff that he needed to file a "response motion" with the Court; (5) Solnick also did not tell Plaintiff about the Mediation or the Hearing; (6) Plaintiff did not receive "a letter in the mail telling [him that he] had a court day" or mediation; and (7) Plaintiff has not changed his e-mail address or phone number. (*See* Doc. 48.) Because of Plaintiff's medical condition and inability to drive, Plaintiff requests that the Court "pass" this action "to a court in Miami" and "remove" Defendant's fee award. (*See id.*) Plaintiff asserts that he will "appeard [sic] for this case to be close [sic]" if the Court "passes" the case "to a Court in Miami." (*Id.*)

At the outset, the Court rejects Plaintiff's assertions that he had no knowledge of the Hearing, the Mediation, or the need to respond to the many Court filings in February and March. The record shows that Judge Spaulding directed the Clerk to provide Plaintiff with copies of the Response Order, Withdrawal Order, Hearing Order, Discovery Order,

and Show Cause Order. (*See* Doc. 26, p. 2; Doc. 34, p. 2; Doc. 35, p. 2; Doc. 40, p. 2; Doc. 41, p. 2; Doc. 42, p. 2.) In the Withdrawal Order, Judge Spaulding also directed the Clerk of Court to include Plaintiff's e-mail and mailing address on the docket so that he would receive direct notice of filings after Solnick withdrew (*see* Doc. 34, p. 2), and the Certificates of Service confirm that Plaintiff received copies of such filings by U.S. Mail and e-mail (*see* Doc. 36, p. 6; Doc. 38, p. 2; Doc. 44, p. 10; Doc. 45, p. 11). (*See also* Doc. 25, ¶ 5; Doc. 31, ¶ 7 (stating that the Withdrawal Motions were sent to Plaintiff via certified mail and e-mail).)

The Court also rejects Plaintiff's suggestion that his medical conditions precluded him from traveling to Orlando, contacting Defendant's counsel, or otherwise complying with the Court's Orders and his obligations in this action. The injuries and treatments described by Plaintiff are not incapacitating; rather, they impacted his ability to drive. Yet, people who cannot drive or who do not have an automobile regularly use: telephones, U.S. Mail, and various modes of transportation—including trains and busses—to travel between Miami and Orlando. Plaintiff chose to file suit in this Court; thus, he should expect to litigate here. Further, it does not appear that a change of venue would be at all appropriate at this late stage of the proceedings.[8]

Because the Court does not find that Plaintiff was ignorant of these proceedings or unable to perform the tasks required in this action, his continuing misconduct over more than five weeks can only be viewed as willful and in bad faith. The Court concurs with Judge Spaulding's observation that Plaintiff "simply refused to engage in the discovery

---

[8] At the outset of these proceedings, the parties agreed that venue in this Court is proper. (*See id.* ¶ 2 (alleging that "all events giving rise to" Plaintiff's claims "occurred in the Middle District of Florida"); Doc. 8, ¶ 2 (admitting venue is proper in this Court).)

process" (*see* Doc. 33, p. 2). After the Discovery Deadline, Plaintiff's obstinance did not abate until Judge Spaulding recommended that Plaintiff be required to pay at least $2,000.00 to Defendant. According to Plaintiff, he somehow received the Recommendation concerning the fee award, but he did not receive any of the other filings that were sent to the same e-mail and mailing address.

In short, the record clearly demonstrates that—despite repeated and clear warnings from the Court concerning Plaintiff's obligations in this action and the sanctions that could be entered—Plaintiff willfully failed to: (1) appear at the Deposition; (2) appear at the scheduled Mediation; (3) appear at the Hearing in compliance with the Hearing Order; (4) produce discovery responses or contact Defendant's counsel in compliance with the Discovery Order; and (5) respond to the efforts of Solnick, the Mediator, and Defendant to communicate with Plaintiff by phone and e-mail.

Plaintiff's pattern of litigation misconduct—including his failure to respond to any motions or Orders filed in this case for more than five weeks—has frustrated "the orderly and expeditious disposition" of this case. *See Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962). Such misconduct also has caused Defendant to incur unnecessary expenses and has wasted the Court's time and resources—seemingly to no end, as Plaintiff indicates no interest in continuing this action. (*See* Doc. 48, p. 1 (stating that Plaintiff would "close" the case if it were transferred to a Court in Miami).) Indeed, less severe sanctions would be ineffectual in this action given Plaintiff's disinterest in pursuing his claims. Accordingly, the Court agrees with Judge Spaulding's recommended sanctions.[9]

---

[9] The parties might work together to find a mutually agreeable way to resolve the issue of Defendant's costs. The Court welcomes such efforts.

**CONCLUSION**

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.    U.S. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 46) is **ADOPTED and CONFIRMED**.

2.    Defendant's Motions for Sanctions and to Dismiss with Prejudice (Docs. 36, 44, and 45) are **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**.

3.    On or before **Friday, May 13, 2016**, Plaintiff is **DIRECTED** to either:

    a.    pay Defendant the sum of $2,000.00; **or**

    b.    show cause in writing filed with the Court why Plaintiff is unable to pay Defendant the sum of $2,000.00.

4.    If Plaintiff fails to strictly comply with the requirements of Paragraph 3, the Court will **DISMISS** Plaintiff's claims against Defendant **WITH PREJUDICE** and will **ENTER JUDGMENT AGAINST PLAINTIFF** and in favor of Defendant for the reasonable costs and fees Defendant incurred in relation to the Deposition, the Mediation, the Hearing, and the Motion to Compel.

5.    On or before **Friday, May 20, 2016**, Defendant is **DIRECTED** to provide notice to the Court in writing whether it intends to file a supplemented or renewed motion for sanctions as described in the Recommendation, Part III., ¶ 4 (Doc. 46, pp. 6–7).

6.    Plaintiff is **ADVISED** that the reasonable costs and fees awarded to Defendant in accordance with Paragraphs 4 and 5 of this Order **MAY EXCEED $2,000.00.**

7.   This action is **STAYED** until **Friday, May 27, 2016**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 15, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

*Pro Se* Plaintiff

U.S. Magistrate Karla R. Spaulding